AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

<span style="color:red">COPY</span>

Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 8:17 cr 290 T 35 TGW |
| ALEJO TRONCO-DIAZ, a/k/a "Alejo Diaz-Tronco", a/k/a "Alex Diaz" | ) ) ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| Defendant | | |

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*    ALEJO TRONCO-DIAZ, a/k/a "Alejo Diaz-Tronco", a/k/a "Alex Diaz"                    ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment          ☐ Superseding Indictment          ☐ Information          ☐ Superseding Information          ☐ Complaint

☐ Probation Violation Petition          ☐ Supervised Release Violation Petition          ☐ Violation Notice          ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to Commit Federal Program Theft, in violation of 18 U.S.C. § 371, Mail Fraud, in violation of 18 U.S.C. § 1341, Federal Program Theft in violation of 18 U.S.C. § 666(a)(1)(A).

Date: 06-08-17

City and state: Tampa, FL

_____
Issuing officer's signature

ELIZABETH WARREN, Acting Clerk, United States District Court
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____ |
| _____<br>*Arresting officer's signature* |
| _____<br>*Printed name and title* |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:17 cr 290 T 35 TGW

TRACY DEAN TRONCO,
  a/k/a "Tracy G. Dean"
ALEJO TRONCO-DIAZ,
  a/k/a "Alejo Diaz-Tronco"
  a/k/a "Alex Diaz"

18 U.S.C. § 371
18 U.S.C. § 1341
18 U.S.C. § 666(a)(1)(A)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Conspiracy to Commit Federal Program Theft – 18 U.S.C. § 371)

### A.    Introduction

At times material to this Indictment:

1.    TRACY DEAN TRONCO ("TRONCO"), a/k/a "Tracy G. Dean," was a resident of the Middle District of Florida.  TRONCO was an employee and agent of the Florida Department of Transportation ("FDOT") who held the titles of Transit Coordinator and Passenger Operations Specialist.  Her responsibilities included the administration of transportation projects and funds that were intended to benefit Florida residents and taxpayers.  From in or around May 2010

until in or around August 2015, TRONCO worked in FDOT District Seven, which covered Hillsborough, Citrus, Hernando, Pasco, and Pinellas Counties.

2.      ALEJO TRONCO-DIAZ ("DIAZ"), a/k/a "Alejo Diaz-Tronco," a/k/a "Alex Diaz," was a resident of the Middle District of Florida.   DIAZ was the owner and operator of Ministerio A Gran Voz De Trompeta Campus, Inc. ("Ministerio"), a purported religious ministry.   Ministerio was incorporated in Florida on or about May 26, 2010, and thereafter claimed to operate at various locations in Hillsborough and Polk Counties.

3.      TRONCO and DIAZ maintained a close personal relationship that dated back to in or around 2009.   On or about July 20, 2012, TRONCO and DIAZ were married in the state of Florida.

4.      Ebenezer Hispanic Christian Church, Inc. ("Ebenezer") was a purported religious ministry incorporated in Florida that claimed to operate in Hillsborough and Polk Counties.   The owners and operators of Ebenezer were both acquaintances of TRONCO and DIAZ.

5.      The Federal Transit Agency ("FTA") was an agency within the United States Department of Transportation that provided financial and technical assistance to state and local public transportation systems.

6.      Pursuant to Title 49, United States Code, Section 5316, the FTA administered Job Access and Reverse Commute ("JARC") programs that were

established to address transportation challenges faced by low-income persons seeking to obtain and maintain employment. The FTA provided FDOT with federal grant money to fund JARC projects in Florida that facilitated transportation for such low-income individuals.

7. FDOT also administered programs that were established to address the transportation needs of the elderly and individuals with disabilities, pursuant to Title 49, United States Code, Section 5310. The FTA provided FDOT with federal grant money to fund Section 5310 projects ("Section 5310 projects").

8. In each calendar year from 2010 through 2015, FDOT received in excess of $10,000 in federal grants, contracts, subsidies, and other forms of federal assistance from the FTA.

9. As an FTA recipient, FDOT ordinarily used a panel review process to award its JARC grants to sub-recipients, such as Ministerio and Ebenezer. TRONCO was the sole FDOT representative on that panel. In addition to the panel review process, FDOT allowed for the use of a "specialty solicitation" process in certain circumstances, whereby unused JARC grant funds could be awarded directly to a sub-recipient without going through the standard panel review process.

3

10. On or about June 11, 2010, TRONCO obtained approval from FDOT to facilitate a "specialty solicitation" to award unused JARC grants funds to Ministerio. TRONCO did not disclose to FDOT her personal relationship with DIAZ at that time.

11. On or about August 23, 2010, FDOT formally awarded Ministerio Contract AQ067, which provided Ministerio with JARC grant funds totaling $250,000. Before disbursing the funds, FDOT required recipients such as Ministerio to confirm that any funds expended would actually be used toward JARC or Section 5310 projects.

12. On or about October 14, 2011, FDOT approved a notice of grant award under Section 5310 (FDOT control number 98731) worth $41,483, for Ministerio and Ebenezer to receive a 2012 Dodge Caravan minivan ("Dodge #1"). Also on October 14, 2011, FDOT approved a notice of grant award under Section 5310 (FDOT control number 98731) worth $46,078, for Ministerio and Ebenezer to receive a second 2012 Dodge Caravan minivan ("Dodge #2").

13. On or about March 27, 2014, FDOT processed the previously-approved notice of grant award under Section 5310 worth $23,700, for Ministerio to receive a 2014 Toyota Sienna minivan.

14. FDOT maintained ethics and personnel policies requiring employees to disclose conflicts of interest that might implicate FDOT's official activities. As

4

an FDOT employee, TRONCO received training and information regarding those policies and required disclosures.   TRONCO's personal relationship with, and subsequent marriage to, DIAZ constituted a conflict of interest necessitating disclosure under FDOT's policies.   TRONCO, however, failed to disclose her relationship with DIAZ to FDOT.

15.   FDOT's Central Office was located in Tallahassee, Florida.   The Florida Department of Financial Services, also located in Tallahassee, printed paper checks that FDOT then mailed to its grant recipients, including Ministerio and Ebenezer.

## B.   The Conspiracy

16.   Beginning on an unknown date, but at least as early as in or about May 2010, and continuing until at least in or about April 2016, in the Middle District of Florida and elsewhere, the defendants,

TRACY DEAN TRONCO, a/k/a "Tracy G. Dean," and
ALEJO TRONCO-DIAZ, a/k/a "Alejo Diaz-Tronco," a/k/a "Alex Diaz,"

did knowingly and willfully combine, conspire, and agree with each other and other persons, known and unknown to the Grand Jury, to commit offenses against the United States, that is:

a.   To knowingly and intentionally embezzle, steal, obtain by fraud, and intentionally misapply property valued at $5,000 or more that was

5

owned by, and was under the care, custody and control of, FDOT, an agency of a state government that received in any one-year period benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, and other form of federal assistance, while being an agent of FDOT, in violation of 18 U.S.C. § 666(a)(1)(A); and

b.    To knowingly devise, and intend to devise, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and, for the purpose of executing, and attempting to execute, the scheme and artifice to defraud, cause to be delivered certain mail matter by the United States Postal Service according to the directions thereon, in violation of 18 U.S.C. § 1341.

## C.    **Manner and Means**

17.    The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others:

18.    It was part of the conspiracy that conspirators would and did create false grant applications and related documents, which they then submitted to FDOT in order to receive grant funds for JARC and Section 5310 projects.

19.    It was further part of the conspiracy that conspirators would and did falsely represent in documents submitted to FDOT that they would provide transportation services for underserved populations.

6

Case 2:17-mj-00250-MAT Document 1 Filed 06/15/17 Page 8 of 20 PageID 7

20.     It was further part of the conspiracy that a conspirator would and did use her authority as an agent of FDOT to bypass the normal panel review process for JARC grant funds and award the funds directly to conspirators.

21.     It was further part of the conspiracy that conspirators would and did submit checks to FDOT indicating that they had made payments for real property, services and materials, in order to obtain grant funds.   In truth and fact, however, the checks never cleared, and the property, services and materials were never actually obtained.

22.     It was further part of the conspiracy that conspirators would and did falsely represent in documents submitted to FDOT that they sought to acquire vehicles to provide transportation services to underserved populations, in order to obtain grant funds.   In truth and fact, however, the vehicles were not used for those purposes, but were converted to conspirators' personal use and benefit.

23.     It was further part of the conspiracy that conspirators would and did falsely represent in documents submitted to FDOT that they had incurred expenses for the preventative maintenance and repair of the vehicles they obtained with grant funds.   In truth and fact, however, the vehicles had not received such preventative maintenance or repairs, and the supporting documentation that conspirators submitted was fraudulent.

Case 2:17-mj-00250-MAT   Document 1   Filed 06/15/17   Page 9 of 20 PageID 8

24.     It was further part of the conspiracy that conspirators would and did submit fraudulent documents to FDOT in order to obtain JARC and Section 5310 grant funds, knowing and intending that FDOT would issue, and cause to be mailed, checks for the payment of such funds.

25.     It was further part of the conspiracy that conspirators would and did deposit grant funds into their bank accounts, in the form of checks, and later withdraw those funds in cash, as well as via other debits and transfers.

26.     It was further part of the conspiracy that conspirators would and did perform acts and make statements to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

## D.     Overt Acts

27.     In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the Middle District of Florida and elsewhere:

a.     On or about May 26, 2010, DIAZ incorporated Ministerio in the state of Florida.

b.     On or about May 29, 2010, DIAZ signed an FDOT grant application on behalf of Ministerio seeking a total of $250,000 in JARC funds.

c.      On or about June 10, 2010, TRONCO, as an FDOT program administrator, authorized the submission of Ministerio's grant application through FDOT's online grant database.

d.      On or about June 11, 2010, TRONCO sought and obtained approval from FDOT to use a "specialty solicitation" to award unused JARC grant funds to Ministerio.

e.      On or about August 23, 2010, TRONCO signed and certified Ministerio's grant paperwork under FDOT Contract AQ067.

### *$50,000 in JARC Grant Funds*

f.      On or about August 23, 2010, TRONCO submitted a Grant Invoice Summary to FDOT in connection with a $50,000 payment to Ministerio under Contract AQ067.

g.      On or about August 25, 2010, DIAZ submitted to FDOT an invoice documenting that Ministerio had incurred $62,500 in costs owed to Best Choice Roofing & Remodeling Inc. ("Best Choice") and requested payment for $50,000.

h.      On or about August 25, 2010, DIAZ emailed TRONCO a copy of check #998, drawn on Ministerio's account at Bank of America, in the amount of $62,500 and made payable to Best Choice, as proof of payment.

9

i.      On or about September 13, 2010, a conspirator deposited a

$50,000 check issued by FDOT under Contract AQ067 into Ministerio's account

at Bank of America.

### *$95,000 in JARC Grant Funds*

j.      On or about September 7, 2010, DIAZ submitted to FDOT a

letter of intent to purchase three adjoining properties located in Tampa, Florida

(the "Tampa Properties").

k.      On or about September 7, 2010, DIAZ submitted to FDOT a

copy of check #1000, drawn on Ministerio's account at Bank of America, in the

amount of $118,750 and made payable to Kennard Realty Group, as proof of

payment for the Tampa Properties.

l.      On September 16, 2010, TRONCO submitted a Grant Invoice

Summary to FDOT in connection with a $95,000 payment to Ministerio under

Contract AQ067.

m.      On or about October 4, 2010, a conspirator deposited a

$95,000 check issued by FDOT under Contract AQ067 into Ministerio's account

at Bank of America.

### *$105,000 in JARC Grant Funds*

n.      On or about October 29, 2010, DIAZ submitted to FDOT an

invoice documenting that Ministerio had incurred $131,250 in costs owed to Best

Choice and requested payment for $105,000.

o.      On or about October 29, 2010, DIAZ submitted to FDOT a copy of check #999, drawn on Ministerio's account at Bank of America, in the amount of $131,250 and made payable to Best Choice, as proof of payment.

p.      On November 15, 2010, TRONCO submitted a Grant Invoice Summary to FDOT in connection with a $105,000 payment to Ministerio under Contract AQ067.

q.      On or about December 14, 2010, a conspirator deposited a $105,000 check issued by FDOT under Contract AQ067 into Ministerio's account at Bank of America.

### Section 5310 Grant Awards

r.      On or about January 21, 2011, DIAZ, on behalf of Ministerio, and conspirator J.D., on behalf of Ebenezer, submitted an application to FDOT for a Section 5310 grant award.

s.      On or about January 21, 2011, TRONCO submitted the Section 5310 grant award application from Ministerio and Ebenezer to FDOT for processing.

t.      On or about October 14, 2011, J.D., on behalf of Ebenezer, signed and accepted a Section 5310 grant award from FDOT for the purchase of two vehicles to be used to service elderly and incapacitated individuals.

u.      On or about February 12, 2012, DIAZ and one of the owners and operators of Ebenezer signed a Partnership Vehicle Leasing Contractual Agreement, in which Ministerio agreed to lease Dodge #1 from Ebenezer.

v.      On or about February 17, 2012, DIAZ took delivery of Dodge #1.

w.      On or about March 21, 2012, Ebenezer took delivery of Dodge #2.

x.      On or about March 23, 2012, TRONCO approved and submitted to FDOT a request for reimbursement of preventative maintenance services for Dodge #1 and Dodge #2, in the amount of $6,246.32.

y.      On or about March 12, 2014, TRONCO approved a Section 5310 grant award for Ministerio to receive a 2014 Toyota Sienna minivan.

z.      On or about March 28, 2014, TRONCO approved and submitted to FDOT a request for reimbursement of preventative maintenance services for various vehicles, in the amount of $6,095.

aa.      On or about August 15, 2014, DIAZ took delivery of the 2014 Toyota Sienna.

All in violation of 18 U.S.C. § 371.

## COUNT TWO
### (Mail Fraud – 18 U.S.C. § 1341)

#### A.    Introduction

1.    Paragraphs 1 through 15 of Count One of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

#### B.    The Scheme and Artifice

2.    Beginning on an unknown date, but at least as early as in or about May 2010, and continuing until at least in or about April 2016, in the Middle District of Florida and elsewhere, the defendants,

TRACY DEAN TRONCO, a/k/a "Tracy G. Dean," and
ALEJO TRONCO-DIAZ, a/k/a "Alejo Diaz-Tronco," a/k/a "Alex Diaz,"

aided and abetted by each other and by other persons, known and unknown to the Grand Jury, did knowingly devise, and intend to devise, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

#### C.    Manner and Means

3.    Paragraphs 17 through 26 of Count One of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

13

### D. Mailings

4.      On or about the dates listed below, in the Middle District of Florida,

the defendants,

> TRACY DEAN TRONCO, a/k/a "Tracy G. Dean," and
> ALEJO TRONCO-DIAZ, a/k/a "Alejo Diaz-Tronco," a/k/a "Alex Diaz,"

for the purpose of executing, and attempting to execute, the aforementioned

scheme and artifice, did knowingly cause to be delivered by the United States

Postal Service according to the directions thereon, the following matters and

things:

| Count | Item | Date of Mailing | Sent From | Sent To |
|-------|------|-----------------|-----------|---------|
| Two | Check #44-1110153-0, dated May 23, 2014, made payable to Ministerio, in the amount of $6,095.10 | May 23, 2014 | Tallahassee, Florida | Lakeland, Florida |

All in violation of 18 U.S.C. §§ 1341 and 2.

## COUNT THREE
### (Federal Program Theft – 18 U.S.C. § 666(a)(1)(A))

1.      Paragraphs 1 through 15 and 17 through 26 of Count One of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

2.      On or about June 2, 2014, in the Middle District of Florida, the defendants,

TRACY DEAN TRONCO, a/k/a "Tracy G. Dean," and
ALEJO TRONCO-DIAZ, a/k/a "Alejo Diaz-Tronco," a/k/a "Alex Diaz,"

aided and abetted by each other and by other persons, known and unknown to the Grand Jury, and TRONCO being an agent of FDOT, an agency of a state government that received in any one-year period benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, or other form of federal assistance, did knowingly and intentionally embezzle, steal, obtain by fraud, and intentionally misapply property valued at $5,000 or more that was owned by, and was under the care, custody and control of, FDOT, that is, a check in the amount of $6,095.10, in violation of 18 U.S.C. §§ 666(a)(1)(A) and 2.

## COUNT FOUR
### (Federal Program Theft – 18 U.S.C. § 666(a)(1)(A))

1.      Paragraphs 1 through 15 and 17 through 26 of Count One of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

2.      On or about September 15, 2014, in the Middle District of Florida, the defendants,

TRACY DEAN TRONCO, a/k/a "Tracy G. Dean," and
ALEJO TRONCO-DIAZ, a/k/a "Alejo Diaz-Tronco," a/k/a "Alex Diaz,"

aided and abetted by each other and by other persons, known and unknown to the Grand Jury, and TRONCO being an agent of FDOT, an agency of a state government that received in any one-year period benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, or other form of federal assistance, did knowingly and intentionally embezzle, steal, obtain by fraud, and intentionally misapply property valued at $5,000 or more that was owned by, and was under the care, custody and control of, FDOT, that is, payment of $23,700 for a 2014 Toyota Sienna, in violation of 18 U.S.C. §§ 666(a)(1)(A) and 2.

16

## FORFEITURE

1.     The allegations contained in Counts One through Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.     From their engagement in any or all of the violations alleged in Counts One through Four, the defendants,

TRACY DEAN TRONCO, a/k/a "Tracy G. Dean," and
ALEJO TRONCO-DIAZ, a/k/a "Alejo Diaz-Tronco," a/k/a "Alex Diaz,"

shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any and all right, title, and interest they have in any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such violations.

3.     If any of the forfeitable assets described above, as a result of any act or omission of the defendants:

    (a)     cannot be located upon the exercise of due diligence;

    (b)     has been transferred or sold to, or deposited with, a third person;

    (c)     has been placed beyond the jurisdiction of the Court;

    (d)     has been substantially diminished in value; or

17

(e)    has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).


A TRUE BILL,

_____
Foreperson


W. STEPHEN MULDROW
Acting United States Attorney


By:   _____
       Patrick D. Scruggs
       Assistant United States Attorney


By:   _____
       Simon A. Gaugush
       Assistant United States Attorney
       Chief, Economic Crimes Section


18

Case
No.

---

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Tampa Division

---

## THE UNITED STATES OF AMERICA

### vs.

### TRACY DEAN TRONCO, a/k/a "Tracy G. Dean",
### ALEJO TRONCO-DIAZ, a/k/a "Alejo Diaz-Tronco",
### a/k/a "Alex Diaz"

---

## INDICTMENT

Violations:   18 U.S.C. §§ 371, 1341 and 666(a)(1)(A)

---

A true bill,

_____
Foreperson

---

Filed in open court this 7th day

of June, 2017.

_____
Clerk

---

Bail $_____